UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Paul Santiago, | Case No. 2:21-cv-00896-APG-NJK |
| Petitioner, | **ORDER** |
| v. | |
| Calvin Johnson, et. al, | [ECF Nos. 59, 66] |
| Respondents. | |

In this habeas corpus proceeding under 28 U.S.C. § 2254, the respondents move to dismiss claims in Paul Santiago's second amended habeas petition (ECF No. 27) as untimely or unexhausted. ECF No. 66. For reasons explained below, I grant the motion in part and deny it in part.

**Background**

In February 2013, Santiago pleaded guilty in Nevada's Eighth Judicial District Court to two counts of attempted sexual assault. ECF Nos. 35-16, 35-17. The parties stipulated to probation with a maximum suspended sentence of 8-to-20 years on each count to run consecutive. *Id*. At sentencing, the district court rejected the stipulation for a suspended sentence and imposed consecutive sentences of 96 to 240 months. ECF No. 36-2. The court also denied Santiago's motion to withdraw his plea and stay the imposition of the sentence pending appeal. *Id*. The court entered a judgment of conviction on June 10, 2013. ECF No.12-1.

Santiago filed a notice of appeal from the judgment. ECF No. 36-7. Santiago also filed two motions and a habeas petition in the district court attempting to have his guilty plea set aside. ECF Nos. 12-2, 36-4, 36-25, 37-1. The first motion was denied for lack of jurisdiction. ECF No. 38-25. In November 2013, the district court denied the second motion and the petition. ECF No. 12-5. Santiago appealed. ECF No. 38-1.

In May 2014, the Supreme Court of Nevada affirmed the judgment of conviction, holding that the two grounds upon which Santiago appealed are not properly raised on direct appeal and, instead, "must be raised in the appeal from the district court's denial of his post-conviction motion currently pending before this court in Docket No. 64577." ECF No. 12-7 at 2. The following month, the Supreme Court of Nevada reversed and remanded the post-conviction case based on a finding that the district court erred by denying Santiago's habeas petition without appointing counsel. ECF No. 38-11.

On remand, Santiago was appointed counsel and subsequently filed a supplemental habeas petition. ECF No. 12-9. The district court held oral argument on the petition, then denied it. ECF Nos. 12-1, 56-6. Santiago appealed. ECF No. 56-8. The Nevada Court of Appeals affirmed the denial of all of Santiago's claims except one – a claim that his counsel was ineffective by failing to conduct an adequate pretrial investigation. ECF No. 12-14. The appellate court found that the lower court erred by not holding an evidentiary hearing on that claim. *Id*.

On remand, the district court concluded, after conducting an evidentiary hearing, that Santiago failed to establish that counsel performed ineffectively or that there was a reasonable probability that Santiago would have risked a trial on crimes carrying potential life sentences. ECF No. 12-16. Santiago appealed.

The Nevada Court of Appeals affirmed the denial of Santiago's petition, finding substantial evidence to support the district court's determination that trial counsel's investigation was reasonable under the circumstances. ECF No. 12-20. The court denied Santiago's petition for rehearing on July 24, 2020. ECF Nos. 58-13, 12-21. Remittitur issued on August 18, 2020. ECF No. 12-22.

Santiago initiated this federal habeas corpus action on May 4, 2021. ECF No. 6. With the assistance of appointed counsel, he filed a "protective" first amended petition on August 18, 2021. ECF No. 11. On July 13, 2022, Santiago filed a second-amended petition, which is the subject of respondents' motion to dismiss. ECF No.27.

**Discussion**

1. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year filing period for § 2254 habeas petitions in federal court. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's state court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review). *Id*. Statutory tolling of the one-year time limitation occurs while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. *Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).

For amended federal petitions filed beyond the statutory period, the Supreme Court's decision in *Mayle v. Felix*, 545 U.S. 644 (2005), limits a habeas petitioner's ability to have newly-added claims "relate back" to the filing of an earlier petition and, therefore, be considered timely under 28 U.S.C. § 2244(d). The Court held that an amended claim in a habeas petition relates back for statute of limitations purposes only if it shares a "common core of operative facts" with claims contained in the original petition. 545 U.S. at 663-64. The common core of operative facts must not be viewed at too high a level of generality, and an "occurrence," for the purposes of Fed. R. Civ. P. 15(c), will consist of each separate set of facts that supports a ground for relief. Id at 661. The scope of Rule 15(c) must be read in light of Habeas Rule 2(c), which "instructs petitioners to 'specify all [available] grounds for relief' and to 'state the facts supporting each ground.'" *Id*. (alteration in original).

The respondents argue that Santiago's second amended habeas petition was filed beyond the statutory time period for filing a federal habeas petition under 28 U.S.C. § 2254. They identify two claims -- Ground 2(a) and Ground 2(e) – as claims that must be dismissed as

untimely because they do not relate back to the claims in a timely-filed petition.[1] In response, Santiago concedes that his second amended petition was not filed within the statutory period, but disputes the respondents' contention that the two claims do not relate back.

*Ground 2(a)* – In Ground 2(a), Santiago alleges that ineffective assistance of counsel rendered his guilty plea invalid because trial counsel failed to advise him of the contents of the discovery in a related civil case. ECF No. 27 at 23-40. Santiago's first amended petition also contains a claim -- Ground 4 – that counsel was deficient in this regard. ECF No. 11 at 41-45. The respondents contend that Ground 4 in the first amended petition focuses almost entirely on a psychological report on the victim, but Ground 2(a) is far broader in scope, relying on vast amounts of information not cited in Ground 4. Be that as it may, Ground 2(a) is based on the same core of operative facts as Ground 4 – i.e., that trial counsel failed to investigate the civil case discovery and present that information to Santiago before Santiago entered his guilty plea. *See Ross v. Williams*, 950 F.3d 1160, 1168 (9th Cir. 2020) (holding that relation back may be appropriate if the later pleading "merely … expands or modifies the facts alleged in the earlier pleading"). Ground 2(a) relates back to Ground 4 in Santiago's first amended petition and, therefore, is not time-barred.

*Ground 2(e)* – In Ground 2(e), Santiago alleges that the cumulative effect of trial counsel's deficient performance rendered his guilty plea invalid. ECF No. 27 at 49-50. The respondents argue that the claim does not relate back because Santiago did not present a cumulative error claim in his earlier petitions and also because some of the claims of individual errors do not relate back. As to the latter, I found above that Claim 2(a) relates back, and the respondents have withdrawn their argument as to the remaining claims of individual error. As to the former, I do not view a claim of cumulative error as being based on an operative fact or facts independent of the facts supporting individual claims of error. *See Harris By & Through Ramseyer v. Wood*, 64 F.3d 1432, 1438 (9th Cir. 1995) (recognizing that the federal court can

---

[1] In their initial motion to dismiss, the respondents also identified Grounds 2(b) and 3(a) as claims that did not relate back. They withdrew their argument as to those claims in their reply. ECF No. 76 at 2-3.

grant habeas relief based on the cumulative impact of counsel's deficiencies). Ground 2(e) relates back to Santiago's first amended petition and, therefore, is not time-barred.

2. Exhaustion

A state prisoner seeking federal habeas relief must give state courts a fair opportunity to act on each of his claims before he presents them in his federal petition, so federal courts will not consider his petition until he has properly exhausted his available state remedies for all claims raised. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

The respondents argue that Santiago has failed to exhaust Grounds 1, 2(a), 2(b), 2(e), and 3(a).

*Ground 1* – In Ground 1, Santiago alleges that his guilty plea is invalid because the trial court did not inform him that he would not be able to withdraw it and he reasonably believed he would be able to do so based on being able to do so in a prior instance. ECF No. 27 at 19-23. Santiago raised this claim in his direct appeal of the judgment of conviction. ECF No. 12-4 at 8-14. As noted above, the Supreme Court of Nevada rejected the claim because it was not properly raised on direct appeal. ECF No. 12-7 at 2. The court cited Nevada case law confirming that "challenges to the validity of a guilty plea and claims of ineffective assistance of trial and appellate counsel must be first pursued in post-conviction proceedings." *Id*. (citing *Franklin v. State*, 877 P.2d 1058, 1059 (Nev. 1994)).

The respondents argue that Ground 1 is unexhausted because presenting a claim to "'the state's highest court in a procedural context [where] its merits will not be considered' does not satisfy the fair presentation requirement for exhaustion." ECF No. 67 at 11 (quoting *Roettgen v.*

*Copeland*, 33 F.3d 36, 38 (9th Cir. 1994)). Santiago counters that he gave the Supreme Court of Nevada an opportunity to consider the claim and that, just because the court rejected it on procedural grounds, does not mean that the claim is not exhausted. He further argues that the respondents have waived any argument that the claim is procedurally defaulted by not raising it in their motion to dismiss.

I disagree with Santiago on both points. His failure to properly present Ground 1 to the Supreme Court of Nevada means that he did not meet the exhaustion requirement. *See O'Sullivan*, 526 U.S. at 848 ("To … 'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts." (citations omitted, emphasis in the original)). Santiago omitted the claim from his counseled post-conviction petition (ECF No. 12-9) even though the Supreme Court of Nevada had specifically instructed him to raise the claim in his pending post-conviction proceeding (ECF No. 12-7 at 2).

Santiago is also incorrect that the respondents did not assert procedural default as an affirmative defense in their motion to dismiss. *See* ECF No. 67 at 13 (asserting procedural default as an alternative defense for unexhausted claims that the state court would now reject as procedurally barred). If Santiago agrees that a state court remedy for Ground 1 is no longer available,[2] his failure to properly present the claim to the Supreme Court of Nevada has resulted in a procedural default of the claim. *See O'Sullivan*, 526 U.S. at 848. In that case, I will give him an opportunity to demonstrate that I should excuse the procedural default and address the claim on the merits. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (citing "cause for the default and actual prejudice" and "a fundamental miscarriage of justice" as grounds for the federal court to excuse a procedural default). If, on the other hand, Santiago takes the position that a state

---

[2] In opposing the dismissal of Ground 3(a), Santiago contends that, due to Nevada's time-bar (Nev. Rev. Stat. § 34.726) and prohibition on successive petitions (Nev. Rev. Stat. § 34.810(2)) he "doesn't have an available remedy in state court." ECF No. 73 at 14. I know of no basis upon which he can claim otherwise with respect to Ground 1.

6

remedy is still available, he may ask this court to stay these proceedings while he presents Ground 1 to the Nevada courts. *See Rhines v. Weber*, 544 U.S. 269 (2005).

In sum, Santiago has not met the exhaustion requirement for Ground 1. If a state court remedy is no longer available, the claim is procedural defaulted.

*Ground 2(a)* – As noted above, Ground 2(a) is a claim that Santiago's trial counsel provided ineffective assistance of counsel by failing to advise him of the contents of the discovery in a related civil case. In his petition, Santiago indicates that he exhausted this claim in his state post-conviction appeal. ECF No. 27 at 23. The respondents dispute this, arguing that Santiago raised a claim based on counsel's failure to investigate, but not a claim based on counsel's failure to advise Santiago.

The respondents' argument places form over substance. The same operative facts and legal theory upon which Ground 2(a) is based are included in Santiago's opening brief on appeal in his state habeas proceeding. ECF No. 27 at 13-34, 39, 42-47. Ground 2(a) is exhausted.

*Ground 2(b)* – In Ground 2(b), Santiago alleges that ineffective assistance of counsel rendered his guilty plea invalid because trial counsel failed to carry out an independent medical evaluation of K.S., the alleged victim. ECF No. 27 at 40-45. Here again, the respondents dispute Santiago's assertion that he exhausted the claim in his state post-conviction appeal. They contend that "Santiago alleged that trial counsel's lack of follow through on obtaining an independent *psychological* evaluation in the criminal case was an example of his failure to investigate," but "[a]t no point did Santiago assert an independent claim for trial counsel not obtaining a medical evaluation of the victim." ECF No. 67 at 12 (citations omitted, emphasis in the original).

The thrust of Ground 2(b) is that trial counsel was ineffective because he filed a motion for an independent medical evaluation, but never had the evaluation performed even though the court granted his motion. To establish prejudice, Santiago points to evaluations that took place in the civil case that, according to him, cast doubt on K.S.'s credibility. Santiago raised the same claim in his opening brief in the state habeas proceeding. ECF No. 56-22 at 45-46. The fact that

the brief used the word "psychological," rather than "medical," to describe the evaluation does not render the claim unexhausted. Ground 2(b) is exhausted.

*Ground 2(e)* – As noted above, Santiago alleges in Ground 2(e) that he is entitled to habeas relief based on the cumulative effect of trial counsel's errors. The respondents argue that Santiago never presented a claim of cumulative error to the Supreme Court of Nevada or Court of Appeals. Even so, Ninth Circuit precedent permits (and may in fact require) me to consider the cumulative impact of trial counsel's errors. *See Harris By & Through Ramseyer*, 64 F.3d at 1438; *Mak v. Blodgett*, 970 F.2d 614, 622 (9th Cir.1992). Thus, I do not view Ground 2(e) as a claim that must be independently presented to the state courts before I can consider it.

The respondents cite *Wooten v. Kirkland*, 540 F.3d 1019 (9th Cir. 2008), as a case that holds otherwise. The court in *Wooten*, however, was addressing a claim based on the cumulative effect of independent "substantive errors," not instances of ineffective assistance of counsel. 540 F.3d at 1026. And, unlike in this case, Wooten's cumulative error claim was not "intertwined with his exhausted claims," and "his petition suggest[ed] a strategic choice not to present his cumulative error claim to the California Supreme Court." *Id*. at 1025.

*Ground 3(a)* – In Ground 3(a), Santiago alleges that he was deprived of the effective assistance of counsel when trial counsel failed to present exculpatory evidence from the civil discovery at sentencing. ECF No. 27 at 50-62. Santiago concedes that he did not present the claim to the state courts, but argues the claim is technically exhausted and procedurally defaulted, and that he can overcome the procedural default pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012). The respondents do not dispute that the claims is procedurally defaulted, but disagree that Santiago can meet the *Martinez* standard.

Whether Santiago can meet the *Martinez* standard for Ground 3(a) depends on the underlying merits of the claim. *See Martinez*, 566 U.S. at 14. Thus, I will reserve judgment on the issue until the merits of Ground 3(a) have been fully briefed.

\ \ \

## Conclusion

None of Santiago's claims is untimely. However, he has failed to meet the exhaustion requirement for Ground 1, and presumably there is no longer a state remedy available for the claim. So, the claim is procedurally defaulted. I will give Santiago an opportunity to demonstrate that the procedural default should be excused. Ground 3(a) is procedurally defaulted for the same reason. The determination whether Santiago can overcome the default of Ground 3(a) based on *Martinez* is deferred until I address his petition on the merits.

I THEREFORE ORDER that the respondents' motion to dismiss **[ECF No. 66] is GRANTED in part and DENIED in part**.

1. Ground 1 is procedurally defaulted. If he so chooses, Santiago may file, by **October 18, 2023**, points and authorities demonstrating that I should excuse the default. If Santiago does so, the respondents will have **20 days** to file a response. Given the length of time this case has been on the court's docket, I am not inclined to grant extensions of time on this issue. I will set a deadline for the respondents' answer in a future order.

2. Ground 3(a) is also procedurally defaulted. I reserve judgment on whether the default should be excused until I reach the merits of Santiago's petition.

3. The respondents' motion to dismiss is denied in all other respects.

I FURTHER ORDER that the respondents' motion for leave to file documents under seal **[ECF No. 59] is GRANTED**.[3]

Dated: September 25, 2023.

_____
U.S. District Judge Andrew P. Gordon

---

[3] I find that there are compelling privacy reasons to restrict the public's access to the exhibits. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

9